UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EMANUEL TIMOTHY VAUGHN, ) <br> ) <br>       Petitioner, ) <br> ) <br>   v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>       Respondent. ) | Case No. 12-7689-JAK (AJW) <br><br> MEMORANDUM AND ORDER <br> DISMISSING PETITION AS <br> MOOT |

On September 7, 2012, petitioner, who was released on bond pending trial, filed this habeas petition challenging the indictment filed against him in case number 11-CR-859(A) GAF. As relief, petitioner seeks dismissal of the charges in the indictment and release from custody. [Petition at 19].[1]

Petitioner's trial began on July 31, 2012, and on August 2, 2012, the jury returned a verdict of not guilty. [11-CR-859(A)GAF Docket Nos. ("DN") 210, 220].[2] On the same date, judgment was entered discharging petitioner on all counts of the indictment and

---

[1] The present petition appears to be nearly identical to the petition filed in Case No. CV 12-6549-JAK(AJW).

[2] The Court takes judicial notice of such official court files. See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

petitioner's bond was exonerated. [DN 235 & DN 237].

Federal court jurisdiction is limited to adjudication of actual cases and live controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). Federal courts lack jurisdiction over moot questions. North Carolina v. Rice, 404 U.S. 244, 246 (1971)(per curiam). When a federal court lacks the power to grant the relief requested, the case is moot. Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

A petition for habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631 (1982); see Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once a convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained.").

As set forth above, petitioner seeks release from custody and dismissal of the charges against him. Because petitioner already has been discharged from custody on all counts of the indictment, there is no additional relief that this Court could grant him. Consequently, he no longer has any legally cognizable interest in the resolution of this petition, and the petition is dismissed as moot.

It is so ordered.

Date: October 2, 2012

_____
John A. Kronstadt
United States District Judge